**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1301

JACQUELINE Y. MINIFIELD, as Administrator and Personal Representative of the ESTATE OF D'LONDRE MINIFIELD and In her Individual Capacity,

Plaintiff - Appellee,

v.

STEPHANIE SILLS,

Defendant - Appellant,

and

CITY OF WINCHESTER; KEVIN SANZENBACHER; JOHN & JANE DOES, in their individual capacity; BRIAN KING; ANNA SHELTON; MICHAEL BRUNSON; TRAVIS MEDINA; ANDREA ENKE; FRANK MYRTLE; KELLY RICE; KRISTEN BRADFORD; CRAIG SMITH; MICHAEL ACKERMAN; GARY WILSON; ALAN WORSHAM; FRED ROWE; RICHARD BOYD; DOUGLAS ADAMS; JOHN DEFILIPPI; KEVIN NEWLAND; RICHARD HANKINS; DERICK LEE SEWELL; ERIC DEEL; JOSIAH SHIAVONE; M. A. LANHAM; CHRISTOPHER IVINS; MARTY HARVEY; KIMBERLY E. BRUNSON; A. J. CAVE; G. F. MACHER; C. E. POST; MICHAEL UPHAM; EDEN FREEMAN; KIMBERLY E. BRUNSON, as admin of the estate of Michael Brunson; KRISTEN BRADFORD,

Defendants.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Michael F. Urbanski, Chief District Judge. (5:17-cv-00043-MFU-JCH)

Submitted: December 1, 2021                    Decided: February 3, 2022

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:** Julia B. Judkins, BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C., Fairfax, Virginia, for Appellant. Christopher E. Brown, THE BROWN FIRM PLLC, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jacqueline Minifield ("Plaintiff"), in her individual capacity and in her capacity as the Administrator and Personal Representative of the Estate of D'Londre Minifield ("Minifield"), filed a civil action against Stephanie Sills and other Defendants. The action alleged a Fourth Amendment excessive force claim pursuant to 42 U.S.C. § 1983 and several related claims arising from Minifield's death following a foot chase with Sills and other Winchester Police Department officers. Sills sought summary judgment relying, in part, on her contention that she was entitled to qualified immunity.[*] The district court denied summary judgment, concluding that genuine issues of material fact existed with respect to the circumstances surrounding Minifield's death. Sills noted this interlocutory appeal, seeking to challenge the district court's denial of her motion for summary judgment. Plaintiff asserts that we lack jurisdiction to consider the arguments Sills raises on appeal. We agree, and we therefore dismiss the appeal for lack of jurisdiction.

Qualified immunity "protects government officials from liability for civil damages, provided that their conduct does not violate clearly established statutory or constitutional rights within the knowledge of a reasonable person." *Danser v. Stansberry*, 772 F.3d 340, 345 (4th Cir. 2014). "Because qualified immunity is an immunity from suit rather than a mere defense to liability[,] it is effectively lost if a case is erroneously permitted to go to trial." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (alteration and internal quotation

---

[*] Sills raised the qualified immunity defense in her original motion for summary judgment, but she did not reraise the defense in her renewed motion for summary judgment.

marks omitted). Thus, although a district court's order denying summary judgment generally is not immediately appealable, an order denying summary judgment on the basis of qualified immunity is subject to immediate appellate review under the collateral order doctrine. *Williams v. Strickland*, 917 F.3d 763, 767-68 (4th Cir. 2019). In this posture, however, we have jurisdiction to review the district court's order "only to the extent that the court's decision turned on an issue of law." *Cox v. Quinn*, 828 F.3d 227, 235 (4th Cir. 2016) (internal quotation marks omitted). "[O]ur review of such orders is limited to a narrow legal question: if we take the facts as the district court gives them to us, and we view those facts in the light most favorable to the plaintiff, is the defendant still entitled to qualified immunity?" *Williams*, 917 F.3d at 768 (footnote omitted).

Put differently, "a defendant, entitled to invoke a qualified immunity defense, may *not* appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial." *Witt v. W. Va. State Police, Troop 2*, 633 F.3d 272, 275 (4th Cir. 2011) (internal quotation marks omitted); *see Iko v. Shreve*, 535 F.3d 225, 234 (4th Cir. 2008). "Although an appellate court can, on interlocutory appeal, decide purely legal questions relating to qualified immunity, it may not reweigh the record evidence to determine whether material factual disputes preclude summary disposition." *Witt*, 633 F.3d at 275 (internal quotation marks omitted). "Whether we agree or disagree with the district court's assessment of the record evidence . . . is of no moment in the context of this interlocutory appeal." *Culosi v. Bullock*, 596 F.3d 195, 201 (4th Cir. 2010).

In evaluating the scope of our jurisdiction, "we must . . . examine the parties' appellate arguments to ensure that we only consider those legal questions formally raised on appeal." *Iko*, 535 F.3d at 235. "This step is particularly important in interlocutory appeals regarding qualified immunity, because a party can so focus its appellate argument on factual disputes that it fails to raise a single legal question appropriate for appellate review." *Witt*, 633 F.3d at 275 (internal quotation marks omitted).

Our review of Sills' opening brief reveals that her arguments on appeal hinge on a view of the facts contrary to that reached by the district court in evaluating her summary judgment motion. Because we are unable to accept Sills' view of the facts given the case's current procedural posture, we conclude that we lack jurisdiction to consider these arguments. Accordingly, we deny Plaintiff's motion for summary disposition, and we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

5